ELLIS, Judge.
. Ferdinand L. Hoppe, plaintiff herein, •has filed this suit in which he is seeking to recover damages for the death of his wife who was a guest passenger in an automobile owned and operated by Cecil M. Hinesley as the result of an accident between defendant Hinesley’s car and defendant George Duncan’s automobile. The accident occurred around six P.M. during a rain storm which necessitated the burning of the head *14 lights at or near the intersection of Louisiana Highway 152 which runs north and south, and the Rosenwald Road which runs east and west, the latter intersecting and crossing the former.
The case was duly tried and resulted in a judgment in the District Court against Hinesley and his insurer, State Farm Mutual Automobile Insurance Company, and the defendant George Duncan, all in solido, in the sum of $7,000. The defendant Hinesley and his insurer have appealed from this judgment and the plaintiff appellee has answered the appeal asking that the award of $7,000 plus interest and costs be increased to $30,000 and as thus amended affirmed.
On Sunday, March 22, 1953, the defendant Hinesley was proceeding south on Highway 152 which is also known as the Baker Road and is the principal highway running approximately north and south with 20 feet of concrete. The defendant Duncan was approaching Highway 152 from the east on the Rosenwald Road with the intention of turning right at the intersection of the two roads.
It is Duncan’s contention and testimony that he came up to the highway, stopped and then proceeded at the rate of 5 miles an hour to make a right hand turn into the right or north 'bound lane of traffic and had proceeded 30 or 40 feet when the defendant Hinesley either was previously travelling in his lane of traffic or crossed over into his lane of traffic and struck his automobile on the left front.
The defendant Hinesley contended and testified that he was travelling south in his proper lane of travel on Highway 152 at approximately six o’clock at a speed of approximately 40 miles per hour during a heavy rain and when he got almost to the point where the Rosenwald Road intersects the highway, he first noticed the lights of what later he knew to be the Duncan car shining across the highway in a northwesterly direction and he stated that the Duncan car immediately made a right hand turn immediately in front of him and in doing so came over the center line of the highway, that there was nothing that he could do to avoid the accident, and the left front of his car struck the right front of the Duncan car. It is also Hinesley’s testimony that the accident happened at or very close to the intersection of the Rosenwald Road with the highway.
It was further shown that Mrs. Hoppe, plaintiff’s wife, was partially thrown from the car and died soon afterward without regaining consciousness.
Plaintiff in his pleadings bases his case upon two propositions. He alleged in Article 10 that the defendant Duncan “did not stop his vehicle completely before entering Highway 152, and in executing a right turn to proceed north on Highway 152, crossed the center line of the highway so that the left front end of his automobile was in the west lane of traffic and in the path of south bound motorists.” Secondly, that the defendant Hinesley, who was proceeding south on the highway, did not reduce his speed, give any warning, apply his brakes, nor swerve his automobile in order to avoid a collision, and it is specifically alleged that had the defendant Hinesley “been keeping a sharp lookout and exercising due care and control of his vehicle, he could have seen George Duncan’s automobile on the highway and could have avoided this collision by swerving to the right; * * * ” and Hinesley was therefore negligent under the doctrine of last clear chance.
The only issue is one of fact. The speed of 40 miles an hour during the rain is not shown to have been negligent under the facts and circumstances. The question to be decided is whether the defendant Duncan had completely made the right hand turn and was in his proper lane of travel, which would convict the defendant Hinesley of gross negligence in crossing the center line and striking the Duncan car, or whether the accident occurred at or near the intersection of the-Rosenwald-Road with the highway and was due to the negligence of the defendant Duncan in making too wide a turn and crossing the the center line immediately in front of the Hinesley car which was on a favored highway. It must also *15 be decided whether the Hinesley car should be held responsible under the doctrine of last clear chance.
The only testimony that the accident occurred 30 to 40 feet north of the intersection and therefore after Duncan had made his right hand turn and was in his proper lane of travel was that of Duncan himself. The defendant Hinesley as well as the Police Officers fixed the point of collision as being at or very close to the intersection and across the center line of Highway 152. It is further shown by the testimony of Hinesley and the police officers that the damage was to the left front of Hinesley’s car and the right front of Dim-can’s car.
The defendant Duncan testified that he saw Hinesley coming from the north on the highway at distances from one mile to a block and a half. When Duncan testified at the coroner’s inquest he said that when he pulled out to turn, “Well, we hit.” He was also asked: “Did you hit him or did he hit you” and he answered, “Well, now, that’s what I don’t know. I don’t know if I hit him or he hit me. I don’t know who did the hitting.”
The defendant Hinesley did testify in one place that he was blinded by the lights of the Duncan car and the plaintiff therefore argues that when he failed to reduce the speed of his automobile he was guilty of negligence.
The preponderance of the testimony convinces us that Hinesley was not guilty of any negligence whatsoever, that his speed was not a proximate cause of the accident and, in fact, that it did not constitute negligence under the facts and circumstances. The preponderance of the testimony convicts the defendant Duncan alone of making a wide right hand turn so as to place his car across the center line of Hig’hway 152 immediately in front of the Hinesley car approaching from the north in its proper lane of travel so as to create an emergency and render it impossible for the defendant Hinesley to avoid the collision. Further, the evidence does not show that the defendant Hinesley could have avoided the collision so as to be liable under the doctrine of last clear chance.
We are of the opinion that the judgment of the District Court should be reversed insofar as the defendant Hinesley and his insurer are concerned, and affirmed as to the defendant Duncan. We have not considered any increase in the award due to the inability of the defendant Duncan to respond to any judgment. It is so ordered.